IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH S. BLIMLINE, #18029-078,<br>　　　　　　Plaintiff,<br><br>v.<br><br>THIRTY UNKNOWN EMPLOYEES OF<br>THE SECURITIES AND EXCHANGE<br>COMMISSION, et al.,<br>　　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Case No. 3:15-CV-3166-D-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge. Plaintiff, a federal inmate, filed a *pro se* complaint under *Bivens v. Six Unknown Named Agents of the Bureau of Narcotics*, 403 U.S. 388 (1971). The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

In 2012, following his guilty plea to mail fraud and conspiracy to commit mail fraud, Plaintiff was sentenced to concurrent terms of 240 months' imprisonment and ordered to pay restitution in the amounts of $407,552.918.95 and $16,818,000.00. *See United States v. Blimline*, Nos. 4:10CR137 and 4:10CR163 (E.D. Tex., Sherman Div., 2012). Sealed amended judgments were subsequently entered in which Plaintiff was re-sentenced to 144 months' imprisonment in each case, to be served concurrently. *See* No. 4:10-CR-137 at Doc. 59; Doc. 1 at 3 (confirming filing of amended judgments). Plaintiff did not challenge his convictions on direct appeal or through collateral review. This Court subsequently entered a civil judgment

against him and an affiliated company for $34,921,565.48.  Doc. 1 at 3; *see Securities and Exchange Commission*, No. 3:09-CV-1238-L (N.D. Tex. Sep. 23, 2013).

In the instant case, Plaintiff names as defendants Thirty Unknown Employees of the Securities and Exchange Commission and Fifteen Unknown Employees of the Federal Bureau of Investigation, alleging that they violated his constitutional rights in connection with an investigation of his Dallas office in 2009, which included warrantless searches and seizures, and which ultimately led to the filing of criminal charges and his convictions in the United States District Court for the Eastern District of Texas.  Doc. 11 at 3-4; Doc. 1 at 3.  Plaintiff asserts:

> SEC employees and FBI employees conspired to perform searching Activites [sic] for FBI without a warrant, all conspired to violate my privacy and deprive me of my property, all defendants committed fraud against me by seizing millions of dollars of my assets, engaging in self dealing [sic], failing to disclose to plaintiff any accounting for those assets, purposefully inflicted emotional distress in all above actions, violated my right to, be free from illegal search, in violation of AMendment [sic] IV, and Due Process under Amendment V. All actions occurred in Ann Arbor Michigan, Dallas, Texas, Washington, DC, and, Sherman, Texas.

Doc. 11 at 4 (Amended Complaint.  Plaintiff requests "a full accounting of [his] property, money damages for loss of property, compensation for damages and loss of assets, and full discovery." Doc. 11 at 4.[1]

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law

---

[1]  This action was initially filed in the United States District Court for the Western District of Texas, which in turn transferred it to this Court because Plaintiff complains of actions taken in his office in Dallas, Texas.  Doc. 3.

or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice").  Even under this most liberal construction, however, Plaintiff's complaint is frivolous.

The doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff's *Bivens* claims because successful resolution of those claims would undermine the validity of his convictions.  *See Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994) (per curiam) (the *Heck* "favorable termination" requirement applies to Bivens actions, as well as civil rights actions).  In *Heck*, the United States Supreme Court unequivocally held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-487.  The *Heck* rule also applies to claims for declaratory and injunctive relief if a favorable judgment would "necessarily imply" the invalidity of the prisoner's "conviction" in the proceeding.  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, a ruling in Plaintiff's favor on the claims pled "would necessarily imply the invalidity of his conviction[s]," *Heck*, 512 U.S. at 487, as he concedes the complained of actions resulted in the criminal charges of which he was convicted.  *See also Stephenson*, 28 F.3d 26, 27

(holding that claims stemming from criminal investigation, which led to subsequent conviction, were barred by *Heck*). Thus, since no court has reversed or invalidated Plaintiff's federal convictions for mail fraud and conspiracy to commit mail fraud,[2] his claims are clearly barred by *Heck*. Consequently, the complaint lacks any basis in law and should be dismissed with prejudice as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*. *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) (relying on *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.1996) to similarly modify dismissal language); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (*Heck* barred claim is legally frivolous).

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal, however, Plaintiff's claims are fatally infirm. *See Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009) (while generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed," leave to amend is not required where plaintiff "has already pleaded his 'best case.'"). Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.

### IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be summarily **DISMISSED** with prejudice as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*. *See* 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A(b).

---

[2] Unless an authorized tribunal or executive body has overturned or otherwise invalidated Plaintiff's convictions, his claims are "not cognizable under [section] 1983." *Heck*, 512 U.S. at 487.

This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).³

SIGNED November 18, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

³ 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."