IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOSEPH S. BLIMLINE,** | § | |
| #18029-078, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:15-CV-3166-D-BK |
| | § | |
| **THIRTY UNKNOWN EMPLOYEES** | § | |
| **OF THE SECURITIES AND EXCHANGE** | § | |
| **COMMISSION, ET AL.,** | § | |
| DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for judicial screening, including findings and a recommended disposition. For the reasons that follow, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order.

On February 13, 2019, the Court ordered Plaintiff Joseph S. Blimline to respond to its *Magistrate Judge's Questionnaire*. Doc. 24. The Court granted his motion to extend the deadline and, subsequently, in the interest of justice, *sua sponte* extended the deadline to May 1, 2019 after he again failed comply. Doc. 29. The Court's orders advised Blimline that his repeated failure to respond could result in dismissal. Nevertheless, Blimline has not responded to the *Questionnaire*, nor has he sought further extension of time to do so.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.

*Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Generally, such dismissal is without prejudice. However, when, as here, a litigant may be barred by the statute of limitations from re-asserting his claims, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice and the court is required to apply a higher standard of review. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). In that instance, the court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and lesser sanctions would not prompt diligent prosecution or the record shows that the district court employed lesser sanctions that proved to be futile. *Id.* In applying this higher standard, the court must find "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.*; *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (same).

Those requisites are met here. This case has been pending for more than three months and, despite two extensions, Blimline has failed to respond to the *Magistrate Judge's Questionnaire* that seeks elaboration on his claims. *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994) (approving court questionnaires to develop factual basis for a complaint at initial screening). Since Blimline is representing himself, the delay caused by his non-compliance is attributable to him alone. *See Berry*, 975 F.2d at 1191.

Blimline's first motion to extend and his subsequent *Sworn Declaration for Recusal of Magistrate Judge* clearly demonstrate that he was aware of his obligation to respond to the

2

*Questionnaire*. Doc. 28. Moreover, considering his failure to respond, no lesser sanction will prompt diligent prosecution of this case. Thus, the Court should exercise its discretion to dismiss under Rule 41(b) even if limitations may prevent further litigation of Blimline's claims. *See Nottingham*, 837 F.3d at 441 (holding court did not abuse its discretion in applying higher standard of review and dismissing *pro se* civil rights action due to plaintiff's intentional noncompliance with court's questionnaire and orders).

For the foregoing reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for want of prosecution. *See* FED. R. CIV. P. 41(b).

**SO RECOMMENDED**, May 24, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).